■ VICTOR WEINGARTEN, Respondent, v S&R MEDALLION CORP. et al., Appellants, et al., Defendant. [955 NYS2d 39]—

The 1997 agreement between the parties did not contain a clause setting forth when or how the profit sharing program which was the subject of the agreement was to terminate, but it did allow for "renewal" of the program pursuant to different terms. The motion court properly refused to grant summary judgment since defendants failed to demonstrate that its new arrangement with Banco Popular was not a renewal of the previous program, as contended by plaintiff.

The 1997 agreement did not contain a "definitions" section and key terms used in paragraph six (which provided the calculation for net income), such as "Other Program Income" and "customer," were left undefined. Under the circumstances, the motion court also properly refused to grant summary judgment on the issue of whether the backup and management fees currently being collected by defendants from Banco Popular, constituted "Other Program Income," a portion of which might rightly belong to plaintiff.

Defendants' argument that the court should ignore the term "Other Program Income" is unavailing (*see JFK Holding Co. LLC v City of New York*, 98 AD3d 273, 276-277 [1st Dept 2012] ["(no) reading of the contract should . . . render any portion meaningless"]), as are defendants' other contract construction arguments, since the 1997 agreement cannot, by itself, definitively dispose of the issues raised by plaintiff.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.